IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ERIC MARTIN VAN BUREN, <br><br> *Defendant.* | CASE NO. 3:00–cr–00066—001 <br><br> OPINION <br><br> JUDGE NORMAN K. MOON |

This case is before the Court on two motions by incarcerated *pro se* defendant, Eric Martin Van Buren: a "motion to have heard new substantive rule per the Court's discretion" (dkt. 114) and a "Rule 36 Motion" (dkt. 115).

The Court is very familiar with Van Buren. On July 11, 2002, he was convicted of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. Sections 841(a)(1) and 846. (Dkts. 42, 57).[1] On direct appeal, the Fourth Circuit affirmed his conviction and rejected arguments that his sentence was erroneous due to (1) the base offense level based on an allegedly incorrect drug quantity, (2) an enhancement for his leadership role in the conspiracy, and (3) the imposition of an enhancement for obstruction of justice. (Dkt. 57; *see also* dkt. 70). On July 1, 2008, this Court denied his motion to vacate his sentence pursuant to 28 U.S.C. Section 2255. (Dkts. 84, 85). Defendant's motion to alter or amend that order was denied. (Dkts. 86, 87). The Fourth Circuit then affirmed this Court's decision to deny a certificate of appealability. (Dkt. 94). July 23rd of 2012 brought more

---

[1] The Fourth Circuit found this Court's finding that he possessed 205 kilograms of crack cocaine was supported by the record. (Dkt. 57 at 4-6).

motions to reconsider and to vacate the sentence, which this Court again rejected. (Dkt. 103-107). The Fourth Circuit once more affirmed the denial of a certificate of appealability on February 26, 2014. (Dkt. 111).

Taking the second motion first (dkt. 115), Federal Rule of Criminal Procedure 36 governs the correction of clerical errors and errors of omission or oversight in a judgment, order, or other party of the record. Defendant's motion asserts that the Presentence Report was "grievously inaccurate" by attributing 205 kilograms of crack cocaine to him for purposes of computing his sentence. The contention is frivolous, having been presented to and rejected by the Fourth Circuit on direct appeal. *Supra* footnote 1; *United States v. Van Buren*, 190 F. App'x 257, 259 (4th Cir. 2006) (reaching same conclusion after remand from Supreme Court).

As for what the Court construes as a Section 2255 motion (dkt. 114), it too fails.[2] It contains a protracted exegesis on the *Ex Post Facto* clause and sundry arguments about the unfairness of his sentence (*id*. at 2-17); insofar as the Court can understand them, they are meritless. Van Buren also cobbles together an "actual innocence" argument (*id*. at 17-19) that likewise lacks any basis in law or fact.

Finally, the motion asserts there is a "new rule of substantive law recognized by two Justices of the United States Supreme Court." (*Id*. at 1).[3] Van Buren refers to Chief Justice Roberts' and Justice Alito's dissents in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*Id*. at 20-26). The Court construes this argument as referring to the majority's holding in *Alleyne* that

---

[2] Procedurally, the motion lacks merit because it appears to be a successive motion that has not met the requirements for certification, *see* 28 U.S.C. Section 2255(h)(2), and is barred by the statute of limitations. *See infra* footnote 5.

[3] Van Buren also asserts he is "ineligible to receive life imprisonment" based on his conviction. This is incorrect given that the relevant statute, 18 U.S.C. Section 841(b) sets the maximum punishment at life imprisonment for the offense Van Buren was convicted of and the amount of illegal substance at issue. *See infra*.

"[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[4] *Alleyne*, 133 S. Ct. at 2155; *see id*. at 2158. Aside from likely being untimely on account of *Alleyne*'s non-retroactively,[5] this argument fails as well. Defendant was indicted on September 12, 2000 for conspiring—from a time not earlier than January 1, 1995—to possess with intent to distribute more than 50 grams of cocaine base. (Dkt. 1). He was convicted by a jury on July 11, 2002 (dkt. 42) and sentenced to life imprisonment on November 1, 2002. (Dkt. 47). As it was in effect on and between January 1, 1995 and November 1, 2002, 21 U.S.C. § 841(b)(1)(A)(iii) set a maximum punishment of life imprisonment for conspiring to distribute 50 grams or more of cocaine base. The jury, by convicting Van Buren, necessarily found facts sufficient to warrant imposition of a life sentence and on which the Court was entitled to rely at sentencing. Indeed, as the Fourth Circuit has already observed, proof of drug quantity well in excess of 50 grams "was overwhelming and essentially uncontroverted." *United States v. Van Buren*, 190 F. App'x 257, 259 (4th Cir. 2006).

For all the foregoing reasons, Van Buren's motions will be denied. The Clerk is instructed to send a copy of this opinion to Van Buren. An appropriate order will issue.

---

[4] Van Buren at times disclaims this construction, affirmatively (if confusingly) stating he "does not base his instant claim on *Alleyne*'s procedural holding" but "on the new rule of substantive law recognized by Chief Justice Roberts and Justice Alito cited in . . . dissent," the former of which was joined by Justices Scalia and Kennedy. (Dkt. 114 at 26). To state the obvious, dissenting opinions do not create new rules of substantive law, so Van Buren's reliance on the Chief Justice's and Justice Alito's views is misplaced.

[5] Van Buren relies on 28 U.S.C. Section 2255(f)(3), which provides that the one-year limitations period begins after the date on which the Supreme Court recognized a new right *and* made it retroactively applicable to cases on collateral review. "[E]ven if *Alleyne* announced a new rule," *Walker v. United States*, 810 F.3d 568, 574 n.5 (8th Cir. 2016) (casting some doubt), every circuit to consider the question has concluded that it does not apply retroactively. *Id*. at 574 (surveying cases); *United States v. Olvera*, 775 F.3d 726, 730-31 & nn. 11, 16 (5th Cir. 2015) (same); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013). Thus, the limitations period in Section 2255(f)(1) applies and has run on the motion.

Entered this  31st  day of March, 2016.

                                            NORMAN K. MOON
                                            UNITED STATES DISTRICT JUDGE