CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

07/15/2019

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:00-cr-00066-1 |
| v. | MEMORANDUM OPINION |
| ERIC MARTIN VANBUREN,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Defendant Eric Martin VanBuren ("Defendant"), through counsel, filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 147). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion to the extent of a reduction to 264 months of imprisonment, but not less than time served, to be followed by 8 years of supervised release.

Defendant was indicted for conspiracy to possess with intent to distribute and to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Dkt. 147-1 (Exhibit – Indictment (Dkt. 3))). On July 8, 2002, shortly before trial, the Government filed a 21 U.S.C. § 851 Notice of Enhanced Punishment. (Dkt. 147-2 (Exhibit – Notice (Dkt. 37))). On July 11, 2002, a jury found Defendant guilty of the conspiracy. (Dkt. 42).

According to the Presentence Report, Defendant's attributable drug weight was 205 kilograms of cocaine base and his Total Offense Level was 44. (Dkt. 148 at 6). Defendant objected to this calculation at his sentencing. (Dkt. 147-3 at 5-8). The Presentence Report also set out a Criminal History Category of III. (Dkt. 148 at 9). The Court adopted the Presentence Report, finding a Total Offense Level of 44 and a Criminal History Category of III. (Dkt. 147-3

1

at 10, 14, 17). Pursuant to the then mandatory guidelines for Defendant's level and category, he was sentenced to life imprisonment followed by 10 years of supervised release. (Dkt. 147-3 (Sentencing Transcript)). The Fourth Circuit affirmed on appeal. *United States v. VanBuren* 190 F. App'x 257 (4th Cir. 2006) (unpublished) (per curiam). Defendant filed the instant motion pursuant to the First Step Act. (Dkt. 147).

Section 404 of the First Step Act of 2018 permits "[a] court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*. § 404(a). Nothing in § 404 shall be construed to require a court to reduce any sentence pursuant to the section. *Id.* § 404(a).

The Fair Sentencing Act "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum and maximum penalties under 21 U.S.C. § 841(b)(1)(A) & (b)(1)(B). Pub. L. No. 111–220. Relevant here, the cocaine base threshold required to trigger the application of 21 U.S.C. § 841(b)(1)(A) was increased from 50 grams to 280 grams and, for § 841(b)(1)(B), from 5 grams to 28 grams. *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "[T]he court may modify an imposed term of imprisonment to the

extent otherwise expressly permitted by statute . . . ." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *See Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]

The Court first determines whether a defendant is eligible for consideration under the First Step Act. Defendant was convicted of conspiracy involving a cocaine base-related offense in violation of 21 U.S.C. §§ 846 and 841(a)(1), with sentencing under § 841(b)(1)(A). The offense was committed before August 3, 2010. The Government argues, however, that § 841(b)(1)(A) continues to provide the appropriate statutory minimum and maximum penalties for Defendant because the drug weight findings at sentencing establish that the offense involved an amount above the Fair Sentencing Act threshold of 280 grams of cocaine base. Thus, the Government concludes, Defendant is not eligible for a reduction pursuant to the First Step Act. (Dkt. 155 at 1, 7-8). Defendant responds that the drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty (or maximum penalty) must be charged in an indictment and proved to a jury beyond a reasonable doubt pursuant to the U.S. Supreme Court holdings in *Apprendi* and *Alleyne*. (Dkt. 156 at 2).

---

[1] Although subsection 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Alleyne v. United States*, 570 U.S. 99, 108 (2013), the Court expounded upon that rule, holding that "[f]acts that increase the mandatory minimum sentence are therefore elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." Here, the jury found Defendant guilty of the sole count in the Indictment, a count which accused Defendant of conspiring to possess with intent to distribute and to distribute a mixture or substance containing cocaine base, which weighed more than fifty grams. (*See* Dkt. 147-1 at 1 (Indictment)). The Indictment does not charge 280 grams or more of cocaine base, the Fair Sentencing Act threshold for application of 21 U.S.C. § 841(b)(1)(A).

The Government contends that the *Apprendi/Alleyne* doctrine does not apply in the First Step Act context because neither case is retroactively applicable on collateral review. (Dkt. 155 at 8 (citing, *inter alia*, *United States v. Sanders*, 247 F.3d 139, 150-51 (4th Cir. 2001))). Under the First Step Act, however, defendants are directly eligible for relief under the Act where they were convicted of a "covered offense" as defined by Section 404(a) of the First Step Act. Pub. L. No. 115-391, § 404(a). "The term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* Accordingly, the Court will consider the crime of conviction, not the conduct reported in the Presentence Report, in determining whether Defendant is eligible for a sentence reduction under the First Step Act. In doing so, this Court joins others in this district finding the holdings of *Apprendi* and *Alleyne* applicable in the First Step context with respect to whether the statutory penalties have been modified. *See, e.g., United States v. Ancrum*, No. 5:02-cr-30020,

2019 WL 2110589 (W.D. Va. May 14, 2019) (J. Urbanski) ("although *Apprendi* and *Alleyne* are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act") (collecting cases).

The Court originally imposed a sentence under 21 U.S.C. § 841(b)(1)(A) because the jury's verdict, in light of the Indictment, met the then-threshold amount of cocaine base set out in that subsection. Because the Indictment, and thereby the related jury verdict, specified more than 50 grams of cocaine rather than more than 280 grams, subsection 841(b)(1)(B), as modified by the Fair Sentencing Act, applies to Defendant under the First Step Act rather than subsection 841(b)(1)(A). Under subsection 841(b)(1)(B), a defendant is subject to a statutory minimum sentence of five years and maximum sentence of 40 years. With the application of one 21 U.S.C. § 851 enhancement, the new statutory minimum for the Defendant is ten years while the statutory maximum is life and the period of supervised release is at least eight years.[2] 21 U.S.C. § 841(b)(1)(B). The statutory minimum at sentencing, with one § 851 enhancement, was 20 years. (*See* Dkt. 148 ¶ 54, Dkt. 149 at 4; *see also* Dkt. 147 at 4). The Court, therefore, finds Defendant is eligible for consideration of a sentence reduction under the First Step Act.

---

[2] The First Step Act also amended 21 U.S.C. § 841(a) & (b)(1) to alter the circumstances that trigger increased penalties. Pub. L. No. 115-391, § 401. The amended changes, however, do not apply to cases such as this where a sentence had been imposed prior to the effective date of the Act. *Id.* The briefing by Defendant's counsel acknowledges that the application of an enhancement would increase the mandatory minimum to ten years. (Dkt. 147 at 3, 4). Defendant, filing pro se, argues that the Court did not use the § 841 enhancement as an alternative sentence, the Government abandoned the enhancement, and as a result the proper statutory range is 5 to 40 years under 21 U.S.C. § 841(b)(1)(B) with no enhancement. (Dkt. 150 at 1-2). The Presentence Report, which the Court adopted, set out the statutory provisions as consistent with a single enhancement. In 1998, Defendant received a four-year sentence, with all but two days suspended for three years' probation, for a State court cocaine possession offense referenced in the § 841 Notice. (Dkt. 148 ¶¶ 30, 54). As set out below, however, the Court will reduce Defendant's sentence to below 40 years imprisonment.

Finding relief consistent with the First Step Act in this case, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *See Dillon*, 560 U.S. at 826. In considering the factors under 18 U.S.C. § 3553(a), the parties disagree as to Defendant's applicable amended Guidelines range under the First Step Act compared to the original Guidelines range. Defendant compared the sentence he received in 2002 with the sentence he would "likely receive today." Defendant began with a Base Offense Level of 24 (compared to 38 in the original Presentence Report) using "at least 50 grams of cocaine base" as the drug quantity, increased to an Adjusted Offense Level of 30 in light of Defendant's role in the offense, his obstruction of justice, and the presence of a dangerous weapon. With a Criminal History Category of III and an Offense Level of 30, Defendant asserts the Court should consider the corresponding Guidelines range of 121-151 months. (Dkt. 147 at 3-4).

The Government, however, calculates the Base Offense Level as 38 by using the 205 kilograms in the original Presentence Report, which was adopted by the Court as part of the original sentencing. Although the threshold for a base level of 38 has increased from 1.5 kilograms in 2002 to 25.2 kilograms today, both amounts are less than 205 kilograms. The resulting Adjusted Offense Level would be 44 and the corresponding Guidelines range would be life. (Dkt. 155 at 11). The Government argues that because the Guidelines range, as calculated by the Government, remains life, no reduction is warranted. (*Id.*).

The difference between the proffered Guidelines ranges resides in the calculation of the Base Offense Level under U.S.S.G. § 2D1.1. Defendant uses the range applicable to more than 50 grams of cocaine base, which corresponds to a Base Offense Level of 24 (at least 28 grams but less than 112 grams), while the Government uses the 205 kilograms of cocaine base in the

Presentence Report adopted by the Court, which corresponds to a Base Offense Level of 38. Although *Apprendi* and *Alleyne* preclude consideration of the Court's determination of the amount of cocaine base in determining whether a defendant is eligible for a sentence reduction under the First Step Act and in recalculating a defendant's statutory minimum and maximum penalties, the holdings do not apply to a court's determination of a Guidelines range within the statutory penalty range. *United States v. Benn*, 572 F. App'x 167, 180 (4th Cir. 2014) (unpublished) ("*Alleyne* has no application to Appellants' sentences in this case. The district court's drug quantity determinations at sentencing did not increase Appellants' statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges . . . .") (collecting cases); *United States v. Orozco*, 716 F. App'x 390, 400 (6th Cir. 2017) ("It is settled law that judge-found drug quantity amounts that adjust the Guidelines range, without exceeding the *statutory* range authorized by the jury, comply with *Apprendi*." (emphasis in original)), *cert. denied sub nom*, *Pedraza v. United States*, 138 S. Ct. 1313 (2018). The Court concludes the same approach applies in considering a reduction of sentence under the First Step Act.

Defendant argues, as he did to the Fourth Circuit on direct appeal, that the Court never made a specific drug weight finding beyond 50 grams of cocaine base and stated at one point at sentencing, "The Court is going to sentence him on what the jury found." (Dkt. 147 at 3; Dkt. 156 at 1, 8). At the time of the original judgment, however, the Court specifically adopted the factual findings and guideline application set out in the Presentence Report. (Dkt. 149 at 5 (excerpt from Statement of Reasons)). The Court also adopted the Total Offense Level of 44, which corresponds to a Base Offense Level of 38. (*Id.*; Dkt. 147-3 at 17; *see* Dkt. 148 at 7 (Presentence Report)). On appeal, Defendant argued that the Court incorrectly attributed to him

the 205 kilograms of cocaine base. Following affirmance at the Fourth Circuit, the U.S. Supreme Court vacated the opinion and remanded for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).[3] On remand, the Fourth Circuit, using the plain error standard, considered Defendant's contention that this Court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone in violation of *Booker*. The Fourth Circuit again affirmed and, relevant to the question here, observed that "the evidence of drug quantity was overwhelming and essentially uncontroverted." The Fourth Circuit, in considering the then-applicable threshold amount of 1.5 kilograms of cocaine base for a Base Offense Level of 38, cited testimony at trial that with respect to Defendant: (1) one witness testified to usually receiving between one-half kilogram and one kilogram on a weekly basis for nearly three years; (2) one witness testified to being supplied four to five kilograms over a couple of years; and (3) one witness testified to generally receiving one-half kilogram every three to four days over a two-year period. *United States v. VanBuren* 190 F. App'x 257, 259 (4th Cir. 2006) (unpublished) (per curiam) ("This testimony was only part of the overwhelming and essentially uncontroverted evidence that put Van Buren far in excess of the 1.5 kilograms of cocaine base necessary to trigger the application of a base offense level of thirty-eight. Accordingly, we decline to find the district court committed reversible error under *Booker* when it sentenced Van Buren using a drug quantity of over 1.5 kilograms."). Defendant's argument has been rejected on several occasions since his initial appeal. (*E.g.*, Dkt. 118 at 2 (noting Defendant's assertion that the Presentence Report was "grievously inaccurate"

---

[3] The Fourth Circuit subsequently held that even after *Booker* and its progeny, "a sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as a part of its calculation of an advisory Guidelines range . . . so long as its resulting sentence is within the relevant statutory range" *United States v. Brooks*, 524 F.3d 549, 562 (4th Cir. 2008).

by attributing 205 kilograms of crack cocaine to him for purposes of computing his sentence was frivolous); Dkt. 119 (Order)). Using the Court's prior findings, the advisory Guidelines range, as amended, would be life.[4]

The Government asserts that the Court should exercise its discretion and deny the Defendant relief "in light of the drug weight and the fact that he would remain subject to the higher penalties if he had been prosecuted after enactment of the Fair Sentencing Act." (Dkt. 155 at 9). In this respect, the Government argues that a sentence reduction will constitute an "unjustified windfall" to Defendant based solely on the date of his prosecution, thereby creating sentencing disparities.[5] (Dkt. 155 at 9-10). The Government asserts that in the three years between enactment of the Fair Sentencing Act and the decision in *Alleyne*, courts imposed higher statutory minimum penalties under the Fair Sentencing Act "based on their own conclusions regarding drug quantity" and that this Court should, in effect, do the same to avoid unwarranted sentencing disparities in accord with 18 U.S.C. § 3553(a)(6). (Dkt. 155 at 10). The Court, however, is not free to ignore the plain language of the First Step Act and constitutional precedent. A reduction in sentence would not present Defendant with the "windfall" envisioned by the Government but would be consistent with the First Step Act.

---

[4] Defendant asserts that the most the Government argued for was 1.5 kilograms of cocaine base (the then minimum amount for a Base Offense Level of 38). Defendant asserts that if the Court considered the drug weight to be at least 1.5 kilograms of cocaine base, the result would be a reduced advisory Guidelines Range of 292-365 months. (Dkt. 156 at 8; *see* Dkt. 147 at 4 n.3). The Court, for the reasons stated below, will reduce the sentence below Defendant's proffered alternative Guidelines Range of 292-365 months.

[5] To the extent the Government is making a separate argument that any reduction should be denied because Defendant would have been prosecuted for more than 280 grams had the prosecution occurred after enactment of the Fair Sentencing Act, the Court rejects that argument. Although the Government might have so proceeded, it might not have. The assumption is too speculative a ground to bar Defendant from receiving a sentence reduction under the First Step Act. *See United States v. Stanback*, No. 5:02-cr-30020, 377 F.Supp.3d 618, 623-24 (W.D. Va. May 2, 2019) (discussing cases).

The Government similarly argues that a variance below the amended Guidelines range (of life) should not be granted in order to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible for consideration of sentences below the Guidelines range under U.S.S.G. Amendment 782 because of U.S.S.G. § 1B.10(b)(2)(A) (prohibiting a reduction below the minimum of the amended guideline range). The Government does not directly argue that U.S.S.G. § 1B.10(b)(2)(A) applies to the First Step Act as it does to sentence reductions when the guideline range has been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2) (requiring any reduction in such cases be consistent with applicable policy statements issued by the Sentencing Commission). Section 3582(c)(1)(B), which permits a modification based on an act of Congress although the modification is limited "to the extent otherwise expressly permitted by [that] statute." The Fair Step Act permits courts to "impose a reduced sentence" as if section 2 of the Fair Sentencing Act was in effect at the time the covered offense was committed.

Unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guidelines limits on a reviewing court. The prior rounds proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions which were, therefore, subject to limitations such as U.S.S.G. § 1B.10(b)(2)(A) & (B). Instead, the First Step Act directly authorizes a court, in its discretion, to impose a reduced sentence subject to the statutory minimums of the Fair Sentencing Act's thresholds for the covered offenses. *See United States v. Valentine*, No. 1:99-cr-01-2, 2019 WL 2754489, at *5 (W.D. Mich. July 2, 2019).

The Court declines to follow the Government's suggestion that it not reduce Defendant's sentence because the recalculated advisory Guidelines range is life. In determining a sentence

reduction under the First Step Act a court considers all relevant § 3553(a) factors, as noted above. The Court, therefore, will consider whether a reduced sentence that would otherwise be a downward variance in sentence is warranted and, if so, how much Defendant's sentence should be reduced. The Court agrees with other courts in this district that have reduced sentences below an unchanged amended Guidelines range pursuant to the First Step Act. *E.g.*, *United States v. Hughes*, No. 1:08CR00024-035, dkt. 3698 (W.D. Va. Apr. 5, 2019) (Jones, J.) (reducing sentence below the Guidelines range, which was unchanged due to defendant's continuing status as a career criminal).

The Court has reviewed the Presentence Report, the addendum prepared in connection with Defendant's First Step Act motion, and the Parties' arguments and submissions. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) ("[I]t is highly relevant – if not essential – to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics" (internal quotation marks, citations and alterations omitted)). At sentencing, the Court found Defendant to have been a leader in an extensive conspiracy involving crack cocaine (cocaine base), to have possessed a dangerous weapon, and to have been involved in obstruction of justice. His Criminal History Category was III, and his life sentence was driven primarily by his Offense Level and the then-mandatory guidelines. His criminal history points were 4, based on three of his criminal convictions, increased to 6 points as Defendant committed the offense in this case while on probation. (*See* Dkts. 147-3, 148).

Defendant is now 45 years old and has served approximately 209 months in prison. (*See* Dkt. 148 at 2). Defendant is currently incarcerated at FCI Schuylkill, a lower security facility than the two facilities at which he previously resided. At Schuylkill, he has worked as an orderly and has taken classes in ancient civilization and metaphysics. (Dkt. 147-4 at 1). Significantly,

11

Defendant has no history of violence during his incarceration. He does have four relatively minor incidents, three of which occurred within a year after he was sentenced (absent from assignment, in an unauthorized area, refusing to obey order). (Dkt. 147-4 at 4). The fourth incident, being insolent to a staff member, occurred nearly seven years ago. (*Id.*). Thus, in the past fifteen-plus years Defendant, who was sentenced to mandatory life in prison, has had but one incident reported.

After consideration of the § 3553(a) factors, including the history and characteristics of Defendant, the need to afford adequate deterrence to criminal conduct, and to promote respect for the law, as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence of imprisonment to 264 months, but not less than time served, is sufficient but not greater than necessary in this First Step Act case. In the Court's opinion, a greater sentence is not required to prevent unwarranted departures when compared with similar sentences in this era.

In the original Judgment, the Court sentenced Defendant to a period of supervised release of ten years, the minimum possible at the time. The Court finds it appropriate to sentence Defendant to the minimum period of supervised release now applicable and will sentence Defendant to a term of supervised release of 8 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 15th day of July 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE